DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Keith Malone, has appealed from his classification as a sexual predator by the Summit County Court of Common Pleas. We affirm.
On August 25, 1983, following a jury trial Defendant was convicted on two counts of kidnapping, in violation of R.C. 2905.01; one count of rape, in violation of R.C. 2907.02, for the vaginal rape of the victim; one count of rape, in violation of R.C. 2907.02, for aiding and abetting the vaginal rape of the victim by a co-defendant; one count of rape, in violation of R.C. 2907.02, for forcing the victim to perform fellatio on Defendant; one count of rape, in violation of R.C. 2907.02, for forcing the victim to perform fellatio on a co-defendant, and one count of aggravated robbery, in violation of 2911.01(A)(2). Defendant was sentenced to twenty-one to seventy-five years imprisonment. On August 8, 2000, following a hearing, Defendant was adjudicated to be a sexual predator. Defendant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in determining that [Defendant] is a sexual predator where there was no evidence presented to establish that [Defendant] was likely to engage in future sexual offenses, where the trial court failed to make a finding of such likelihood, and where the trial court's determination was against the manifest weight of the evidence.
In his sole assignment of error, Appellant has argued that his classification as a sexual predator was against the manifest weight of the evidence. Defendant has argued that the evidence presented at trial clearly indicates that he is unlikely to re-offend. Defendant has pointed to the following facts to support his contentions: (1) there was only one incident; (2) he has not engaged in any subsequent offenses; (3) he completed a sexual offender treatment program; and (4) seventeen years have passed and he is now older and more mature. While this Court notes that these factors must be weighed, this Court finds that such factors do not outweigh the evidence that supports the classification.
Classification as a sexual predator is governed by R.C. 2950.09. The relevant portions states:
 (C)(1)If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, * * * and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section.
 (C)(2)(a) If, pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator
in any case without a hearing.
R.C. 2950.01(D) defines "Sexually oriented offense" as any of the following offenses:
 (1)Regardless of the age of the victim of the offense, a violation of section 2907.02, 2907.03, or 2907.05 of the Revised Code;
 (2) Any of the following offenses involving a minor in the circumstances specified:
 (a) A violation of section 2905.01, 2905.02, 2905.03, 2905.04, 2905.05, or 2907.04 of the Revised Code when the victim of the offense is under eighteen years of age[.]
Defendant was convicted of two counts of kidnapping, in violation of R.C. 2905.01 and four counts of rape, in violation of R.C. 2907.02. The two counts of kidnapping relate to the kidnapping of two girls ages fifteen and ten. Therefore, Defendant was convicted of six sexually oriented offenses.
Pursuant to R.C. 2950.09(B)(2), when determining whether the individual is a sexual predator, the court must consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Prior to finding Defendant to be a sexual predator, the trial court indicated that it considered all relevant factors as enumerated in R.C.2950.09. Evidence was presented at the hearing to support the trial court's determination that Defendant should be classified as a sexual predator.
The evidence presented indicated that the two young girls had been sent by their mother to the store to purchase chicken. While walking along the sidewalk the girls were approached by Defendant. The girls crossed the street to get away from Defendant; however, Defendant and three other men then came after the girls. The older girl tried to run away, but returned when she realized that the men had her younger sister. The girls were forced behind a garage. Defendant made the girls give him all of their money. Defendant then forcibly removed the older girl's jeans and underwear. When the girl tried to scream Defendant struck the girl in the face and pulled her hair. Defendant then vaginally raped the girl. While Defendant vaginally raped the victim, a co-defendant forced the girl to perform fellatio on him. The other two men held the ten-year old during the rapes. One of the men holding the ten-year old then vaginally raped the victim and Defendant forced the victim to perform fellatio on him. When the police arrived, the men fled. Defendant was twenty years old at the time of the crime. He has been incarcerated since that time.
The trial court noted that it based its decision upon the offender's age, the age of the victims, and the cruelty displayed in this case. The court stated: "It's hard to imagine a more — a greater display of cruelty than in this case where a 15 year old is gang raped and her 10-year old sister is held to watch."
Defendant appears to argue that since this was one incident and no evidence outside of this incident was presented to show a pattern of behavior, that there is no evidence of recidivism. This Court does not agree.
 The overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
State v. Maynard (1999), 132 Ohio App.3d 820, 826, appeal not allowed (1999), 86 Ohio St.3d 1437, quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, 1998 Ohio App. LEXIS 801. Accordingly, this Court has explained that multiple offenses involving young victims can in and of themselves be sufficient to support a sexualpredator adjudication. See State v. Linton (Sep. 29, 1999), Summit App. No. 19170, unreported, at 17-18; State v. Hamilton (Apr. 14, 1999), Lorain App. No. 97CA006793, unreported, at 7. Further, testimony explaining how the R.C. 2950.09(B)(2) factors indicate a correlation between those factors and a likelihood to re-offend would have been mere surplusage, given the self-evident gravity of offenses against young children. State v. Lawson (Apr. 14, 1999), Lorain App. No. 97CA006776, unreported, at 6 fn. 1.
Given such considerations, and in light of the fact that this one incident involved two young victims and six, separate, sexually oriented offenses, this Court is not inclined to say that the State failed to prove by clear and convincing evidence that Defendant is a sexualpredator. Defendant's assignment of error is overruled.
 Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., BAIRD, J., CONCUR